HARRISON v. MARTIN.

The specifications of property exempted from execution in the 15th sec. of the act concerning Executions, (R. S. 1835, p. 265) are cumulative. Therefore, if a mechanic is the head of a family, the statute, in addition to his tools, exempts from execution the same property that is exempt when owned by the head of a family who is not a mechanic.

Appeal from the Circuit Court of Platte county.

THOMAS & DONIPHAN for plaintiff in error.

*Opinion of the Court delivered by Scott, Judge.*

Harrison instituted an action against Martin in a justice's

court, to recover the value of a horse. On an appeal to the circuit court, a verdict and judgment was rendered against Harrison, to reverse which, this writ of error is prosecuted.

It appears that Harrison was the head of a family, and a mechanic carrying on his trade, and had the tools, and implements necessary for its prosecution; he also owned a horse, whose value did not exceed forty dollars. Martin, who was a constable, had an execution against Harrison, under which he levied on and sold his horse. The question presented for determination is, whether a mechanic, being the head of a family, whilst carrying on his trade, is, in addition to his tools and implements, entitled to retain a horse not exceeding in value forty dollars. The facts stated in the record, do not raise the point on which the judgment of this court is sought. It does not appear but that the judgment on which the execution issued, was for a debt which accrued prior to the act ro regulate executions, approved March 20th 1835. The 16th section of that act, limits the operation of the section exempting certain property from execution, to contracts made after the passage of the act. As the question, however, has been argued, and as it may arise again, it is thought advisable to give an opinion upon it.— The manner in which the 15th sec. of the act concerning executions is worded, specifying in numerical order, the things which the head of a family shall hold exempt from execution, there being eight species numbered, and a horse not exceeding in value forty dollars, being amongst the first, and the implements of trade of any mechanic the sixth, shews, that the legislature intended that the things specified as exempt from execution shall be cumulative. If a mechanic is the head of a family, the statute, in addition to his tools, exempts the same property from levy and sale for him, that it would for the head of a family who is not a mechanic. The sparseness of our population in many sections of the State, is such, that mechanics cannot find constant employment at their trade; this compels them to unite the cultivation of the earth with their mechanical pursuits, in order to support their families. And if not protected in the pos-

The specifications of property exempted from execution in the 15th sec. of the act concerning Executions (R.S. 1835, p. 255) are cumulative. Therefore, if a mechanic is the

APRIL TERM, session of the things necessary for that purpose, they would
1842. abandon their trades altogether, to the great injury of the

Harrison community.
v.
Martin. Judgment affirmed.

head of a family, the statute, in addition to his tools, exempts from execution, the same
property that is exempt when owned by the head of a family, who is not a mechanic.